## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CTN HOLDINGS, Inc., *et al.*,<br><br>Debtors.[1]<br><br>————————————————<br><br>JAMI B. NIMEROFF, as chapter 7 trustee for CTN Holdings, Inc., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>DONALD R. KARR; MILLER FAMILY LEGACY LLC; LOUIS R. MILLER; ALS REVOCABLE TRUST; EMERGING IMPACT FUND II, LP; PRAESUMO HOLDINGS, LLC; RAVI SARIN; PAUL SOROS 2010 FAMILY TRUST A; CHICAGO ATLANTIC FINANCE LLC; CHICAGO ATLANTIC CREDIT COMPANY, LLC; and CHICAGO ATLANTIC OPPORTUNITY FINANCE LLC,<br><br>Defendants. | Chapter 7<br><br>Case No. 25-10603 (TMH)<br><br><br><br>Adv. Pro. No.: |

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO SECTIONS 105(A) AND 362(A) OF THE BANKRUPTCY CODE AND RULE 7065 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of the Debtors' federal tax identification number, are: CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214). Catona Climate Solutions, LLC (3375), and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94104-5401.

1

18098417-3

Plaintiff Jami B. Nimeroff (the "Plaintiff" or the "Trustee"), as Chapter 7 Trustee for CTN Holdings, Inc., *et al*. (collectively, the "Debtors"), by and through her undersigned counsel, having commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a Verified Complaint (the "Complaint") against Defendants Donald R. Karr; Miller Family Legacy LLC; Louis R. Miller; ALS Revocable Trust; Emerging Impact Fund II, LP; Praesumo Holdings, LLC; Ravi Sarin; Paul Soros 2010 Family Trust A; Chicago Atlantic Finance LLC; Chicago Atlantic Credit Company, LLC; and Chicago Atlantic Opportunity Finance LLC (collectively, the "Defendants" or "Karr Action Plaintiffs") hereby moves this Court, pursuant to sections 105(a) and 362(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), or, alternatively, Rule 65 of the Federal Rules of Civil Procedure, made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the issuance and entry of a temporary restraining order and preliminary injunction enforcing the automatic stay provisions of section 362(a) of the Bankruptcy Code and enjoining Defendants from continuing prosecution of the action commenced on July 9, 2025 in the Superior Court of the State of California, County of Los Angeles, Central District, LLC, captioned *Karr, et al., v. Sanberg, et al.*, Case No. 25STCV20376 as amended on November 3, 2025 (the "Karr Action"), and any further litigation pursuing the same or similar theories of recovery.

The Defendants are not creditors of the Debtors, having failed to file proofs of claim and appear, at most, to have invested in the Debtors under various guises. As such, the Karr Action, if permitted to proceed, could permit the Defendants to circumvent the priority scheme of Part V of the Bankruptcy Code and jump the line in front of legitimate creditors with respect to the value of the claims set forth in the Karr Action. The Trustee is still investigating claims against third parties such as the defendants in the Karr Action, and the claims set forth therein appear to be estate

2

18098417-3

claims. The Trustee may pursue such claims on behalf of the Debtors' legitimate creditors. The Defendants' efforts to end-run that process by way of the Karr Action must be enjoined.

## JURISDICTION AND VENUE

1. On March 30, 2025 (the "Petition Date"), Debtors CTN Holdings, Inc., CTN SPV Holdings, LLC, Make Earth Green Again, LLC, Aspiration QFZ, LLC, Aspiration Fund Adviser, LLC, Catona Climate Solutions, LLC, and Zero Carbon Holdings, LLC, each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Thereafter, on May 22, 2025, Debtor Carbon Sequestration III, LLC filed a Chapter 11 petition (hereinafter, collectively "CTN" or the "Debtors").

2. This Court has jurisdiction over the claims raised in the Adversary Proceeding and this Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* issued by the United States District Court for the District of Delaware on February 29, 2012.

3. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b) such that the Court may enter a final order consistent with Article III of the United States Constitution. Pursuant to Bankruptcy Rule 7008 and Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Plaintiff consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is an adversary proceeding brought pursuant to Rule 7001 of the Bankruptcy Rules.

18098417-3

6. There exists a substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the requested relief on an emergent basis.

## BACKGROUND

7. Plaintiff is the duly appointed Chapter 7 Trustee for the Debtors' estates.

8. The Debtors are Delaware corporations or LLCs. Prior to the Petition Date, the Debtors held themselves out as financial technology and sustainability companies that purported to trade in carbon emission credits and related enterprises.

9. Defendant Donald R. Karr is an individual resident in Los Angeles, California.

10. Defendant Miller Family Legacy LLC is a Delaware limited liability company with its principal place of business in Los Angeles, California.

11. Defendant Louis R. "Skip" Miller is an individual resident in Los Angeles, California, a noted trial lawyer, founder of Miller Barondess, LLP, and is a party as well as counsel for the Defendants in the Karr Action.

12. Defendant ALS Revocable Trust is the Andrew L. Sandler Revocable Trust u/t/a dated September 14, 2012, as amended and restated.

13. Defendant Emerging Impact Fund II, LP is a Delaware limited partnership with its principal place of business in San Francisco, California.

14. Defendant Praesumo Holdings, LLC is a Delaware limited liability company with its principal place of business in Miami Beach, Florida.

15. Defendant Ravi Sarin is an individual resident in Los Angeles, California.

16. Defendant Paul Soro 2010 Family Trust A is a trust.

18098417-3

17. Defendants Chicago Atlantic Finance LLC, Chicago Atlantic Credit Company LLC and Chicago Atlantic Opportunity Finance LLC (together, "Chicago Atlantic") are Delaware limited liability companies with their principal place of business in Chicago, Illinois.

18. On the Petition Date (and thereafter), the Debtors each filed for voluntary relief under Chapter 11 of the Bankruptcy Code. On August 7, 2025, the Debtors' chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code. The Trustee was appointed as the Chapter 7 trustee for the Debtors' bankruptcy estates by the Office of the United States Trustee for Region 3.

19. Joseph Sanberg ("Sanberg") was a co-founder of the Debtors and is a former CEO and board member of the Debtors. Andrei Cherney was also a co-founder of the Debtors. The Debtors, and CTN Holdings, Inc. ("Catona") in particular, held themselves out as financial technology and sustainability companies that purported to trade in carbon emission credits and related enterprises. In fact, the entire scheme was a fraud on investors.

20. On March 25, 2025, the United States Attorney for the Central District of California ("U.S. Attorney") filed an "Indictment" in the United States District Court for the Central District of California charging Sanberg with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and 18 U.S.C. § 981(a)(1)(C). On August 20, 2025, the U.S. Attorney filed a "First Superseding Information" charging Sanberg with two (2) counts of wire fraud in violation of 18 U.S.C. § 1343. Each seeks criminal forfeiture of Sanberg's assets pursuant to 28 U.S.C. § 2461(c). A true and correct copy of the Indictment is attached to the Declaration of Dale E. Barney field contemporaneously herewith (the "Barney Decl.") as **Exhibit A,** and a true and correct copy of the First Superseding Information is attached to the Barney Decl. as **Exhibit B**.

18098417-3

21.   The Indictment and First Superseding Information allege that Sanberg and others defrauded investors and lenders of approximately $248 million through the use of fraudulent financial statements, phony sales and revenue figures and other fraudulent information to induce those victims to make loans to Sanberg and invest in various of the Debtors, in conspiracy with, among others, defendant Ibrahim Ameen AlHusseini ("AlHusseini").

22.    Among other allegations, the United States alleges that Sanberg and AlHusseini orchestrated a phony put option contract whereby AlHusseini agreed to purchase Sanberg's stock in "Company A" (upon information and belief, Catona,) if Sanberg defaulted on a $55 million loan from "Investor Fund A."  This "put contract" was supposed to guarantee repayment of that loan on default. Sanberg and AlHusseini provided false brokerage statements to substantiate AlHusseini's ability to perform the put option. Later, Sanberg refinanced that loan with "Investor Fund B" using the same fraudulent scheme.

23.   Apparently based upon the Indictment and their own investigation, on July 9, 2025, the Karr Action Plaintiffs commenced an action in the Superior Court of the State of California, County of Los Angeles, Central District, LLC by filing a Complaint and thereafter a First Amended Complaint on November 3, 2025[2] (the "Amended Complaint"), naming the following individuals and entities as defendants therein:   Sanberg; AGO Special Situations, LP; Steven Ballmer ("Ballmer"); Ballmer Giving LLC; Ibrahim Alhusseini; Nate Redmond; Alpha Edison Management Company, LLC; David Aronoff; Baker Hostetler LLP; KPMG LLP; Alvarez & Associates, Inc.; BDO USA, P.C.; Michael Ellis; Inherent Group, LP; and Does 1 through 30 (collectively, "Karr Defendants").

_____

[2] The Amended Complaint added, *inter alia*, Steven Ballmer, the owner of the Los Angeles Clippers and a multi-billion dollar former CEO of Microsoft, and Ballmer Giving LLC as defendants.

6

18098417-3

24.    The Amended Complaint in the Karr Action asserts claims against various of the Karr Defendants "for (1) Fraud, (2) Aiding and Abetting Fraud, (3) Violation of Penal Code § 496, and (4) Violation of California Corporate Securities Law," as follows:

Count I - Fraud – By all Plaintiffs against Joseph Sanberg and Does 1 through 30;

Count II - Fraud – By Chicago Atlantic and Praesumo against Joseph Sanberg, Nate Redmond, Ibrahim Alhusseini and Does 1 through 30;

Count III - Aiding and Abetting Fraud – By all Plaintiffs against Ballmer, Ballmer Group,[3] AGO Special Situations, LP, Ibrahim AlHusseini, Nate Redmond, Alpha Edison Management Company, LLC, David Aranoff, Baker Hostetler LLP, KPMG, Alvarez & Associates, BDO, Michael Ellis, Inherent Group and Does 1 through 30;

Count IV - Violation of California Penal Code § 496 – By all Plaintiffs against Joseph Sanberg, Ballmer, Ballmer Group, AGO Special Situations, LP, Ibrahim AlHusseini, Nate Redmond, Alpha Edison Management Company, LLC, David Aranoff, Baker Hostetler LLP, KPMG, Alvarez & Associates, BDO, Michael Ellis, Inherent Group and Does 1 through 30; and

Count V - Violation of California Corporate Securities Law – By all Plaintiffs against Joseph Sanberg, Ballmer, Ballmer Group, AGO Special Situations, LP, Ibrahim AlHusseini, Nate Redmond, Alpha Edison Management Company, LLC, David Aranoff, Baker Hostetler LLP, KPMG, Alvarez & Associates, BDO, Michael Ellis, Inherent Group and Does 1 through 30.

25.    Notably, paragraphs 4-7 of the Amended Complaint in the Karr Action allege that Ballmer "infused over $50 million into and endorsed Catona in order to funnel millions of dollars to L.A. Clippers star Kawhi Leonard ("Leonard") in excess of the NBA's salary cap. Ballmer, who

_____

[3] The Amended Complaint names Steven Ballmer and Ballmer Giving LLC as defendants, yet the third, fourth and fifth causes of action assert a claim against the Ballmer Group, which is not a named defendant in the Amended Complaint. The Trustee presumes the plaintiffs assert such causes of action against Steven Ballmer and his related entities.

7

18098417-3

upon information and belief has a net worth of approximately $150 billion, is the owner of the L.A. Clippers and the former CEO of Microsoft.

26.     The Defendants claim to have relied upon Ballmer's endorsement of Catona in making loans to and investments in Catona and Sanberg. In that case, other creditors of Catona and the other Debtors were induced to extend credit and other financial accommodations to the Debtors based upon Ballmer's celebrity endorsements. The Defendants allege that but for "Ballmer's support, Catona could not have sustained the frauds" described in the Amended Complaint.

**The D & O Policies**

27.     The Trustee is aware of the following insurance policies (together, the "D & O Policies") which may provide coverage with respect to claims against officers and directors of the Debtors:

a.     Policy issued by AXIS Insurance Company in the amount of $2.5 million;

b.     Excess policy issued by Underwriters at Lloyd's of London (55%) and Republic Vanguard Insurance Company (45%) in the amount of $1.25 million (in excess of $2.5 million);

c.     Excess policy issued by Hudson Excess Insurance Company in the amount of $1.25 million (in excess of $3.75 million);

d.     Policy issued by RSUI Indemnity Company in the amount of $1 million;

e.     Policy issued by Cap Specialty in the amount of $2 million;

f.     Policy issued by Crum & Forster in the amount of $3 million.

28.     On information and belief, the policy limits for the D & O Policies are inclusive of defense costs, so that the expenditure of funds to defend suits against officers and directors of the

8

18098417-3

Debtors has reduced and will continue to reduce the funds available to pay any settlement with, or judgment against, those parties. The Trustee understands that the policies have been depleted to the point that only approximately $800,000 of coverage remains available. Upon information and belief, substantial additional and unpaid defense costs claims are outstanding which may further deplete this asset.

29. Based upon the limited available resources, cause exists for this Court to enjoin investors and creditors from racing to recover from the same pool of limited money- whether insurance proceeds or assets of potential defendants - that should instead be collected and distributed to all legitimate creditors.

30. Accordingly, the Trustee seeks entry of a judgment in her favor: (1) declaring that the automatic stay enjoins the Karr Action Plaintiffs from taking any further action in the Karr Action to the extent that it asserts claims that are the property of the Debtors' estates; (2) entry of an order enjoining the Karr Action Plaintiffs under sections 105 and 362 of the Bankruptcy Code; and (3) entry of an order enjoining any further litigation filed against the Debtors' directors, officers, professionals, or the other Karr Defendants by the Karr Action Plaintiffs for the same or similar causes of action, or causes of action based on different legal theories but arising from the same or similar operative facts.

31. To the extent that the Karr Action Plaintiffs assert claims which belong to the Debtors' estates, the continuation of the prosecution of these claims constitutes a willful violation of they violate the automatic stay imposed by section 362(a) of the Bankruptcy Code.

9

32.     The Defendants should not be permitted to accomplish an end-run around an orderly and supervised process by obtaining a larger payout than other legitimate creditors[4] and gaining an advantage by having their case heard first. If the Defendants and other similarly situated parties are permitted to do so, they will directly and imminently threaten proceeds of the D & O Policies and reduce the potential recovery for the Debtors' estates from the D & O Policies and from other assets of the directors, officers, and third parties.

### The Karr Action

33.     As discussed above, on July 9, 2025, the Defendants filed the initial Complaint commencing the Karr Action.  On November 3, 2025, the Defendants filed the Amended Complaint in the Karr Action.  A true and correct copy of the Amended Complaint against the Karr Defendants is attached to the Barney Decl. as **Exhibit C**.

34.     The Amended Complaint alleges claims of fraud, aiding and abetting fraud, violation of California Penal Code § 496 for civil theft and violation of California corporate securities law. *See* **Exhibit C** to Barney Decl.

35.     Paragraphs 37-129 of the Amended Complaint set forth certain "Factual Allegations" relied upon by the Defendants in the Karr Action, and are incorporated herein by reference. These allegations demonstrate the generalized nature of the claims asserted in the Karr Action and that those claims are property of the Debtors' estates. *See* Verified Complaint ¶ 35 (summarizing specific allegations).

---

[4] Based upon the priorities set forth in Part V of the Bankruptcy Code, these claimants may not be entitled to recovery ahead of general unsecured creditors coupled with the fact that most, if not all, of these claimants may have elected not to file Proof of Claims in this case.

18098417-3

36.     The fraud and related causes of action asserted by the Defendants in the Karr Action are general to all Chapter 7 creditors and are therefore property of the Debtors' estates. Notwithstanding the specific allegations regarding the particular frauds perpetrated against the Defendants by Sanberg and the others, such fraud and aiding abetting claims are clearly general claims that are estate property under section 541 of the Bankruptcy Code.

37.     The Defendants base their claims against the Karr Defendants on allegations that they variously falsified financials of the Debtors, aided Sanberg's and others' fraud on investors to induce the Defendants' investment in the Debtors, otherwise contributed to the fraudulent scheme run by Sanberg, AlHusseini and their co-conspirators and thus violated applicable provisions of the California Code. *See* **Exhibit C** to Barney Decl.  The Defendants' fraud-based claims are generalized to all Chapter 7 creditors and are not particular to the Defendants. Thus, the Karr Action violates the automatic stay imposed by section 362(a) of the Bankruptcy Code.

38.     The claims brought by the Karr Defendants threaten the limited resources belonging to the Karr Defendants and the D & O Policies, which the Trustee intends to pursue for the benefit of all creditors. *Id.* ¶ 17.

39.     Thus, the Karr Action threatens the same limited pool of money that the Trustee intends to pursue, which is in the possession of the same defendants that the Trustee intends to pursue, as a result of the same acts performed by the Karr Defendants. Further, allowing the Karr Action to continue would threaten to defeat or impair this Court's jurisdiction over the Debtors' estates by threatening the ability of the Trustee to adequately fulfill his duty to maximize recovery on behalf of all creditors.

40.     Moreover, the Karr Action's erosion of the assets belonging to the Karr Defendants and the D & O Policies is imminent, necessitating immediate injunctive relief. According to the Karr

11

18098417-3

Action's publicly-available docket, multiple dispositive motions—including a demurrer and motions to dismiss under California's anti-SLAPP statute—are scheduled for hearing on April 22, 2026. Absent the imposition of an immediate stay by this Court, that hearing is likely to further erode assets the Trustee intends to pursue and result in factual findings and legal rulings that would prejudice the Trustee by impairing her ability to prosecute claims held by the estates.

41.     Accordingly, it is appropriate to enjoin the Defendants from pursuing further actions in the Karr Action pursuant to section 105(a) of the Bankruptcy Code.

### The Trustee's Investigation

42.     Since her appointment, the Trustee has been investigating claims and pending the outcome of her investigation, may eventually pursue related actions against Sanberg, other officers and directors, and third parties, including certain of the Debtors' professionals.

43.     The Trustee has not yet had the opportunity to fully investigate potential claims against these potential defendants, but it appears from the Indictment that Sanberg knowingly, deliberately, and repeatedly falsified financial statements and other documents provided to investors and lenders to induce their funding of the Debtors' scheme over a multi-year period; siloed the organization of the Debtors in such a way as to minimize cross-functional visibility and accountability; ensured that the Debtors had little in the way of corporate governance at the Board level such that the Board failed to discharge its fiduciary duties; and siphoned corporate funds directly to companies owned by Sanberg and to satisfy his personal obligations. Further, it appears that other officers and directors of the Debtors may possibly be liable for breach of fiduciary duty and other causes of action.

44.     Because of the monetary damage caused by the actions of directors and officers, which exceeds the coverage available under the D & O Policies, the D & O Policies should be

18098417-3

protected from further erosion to ensure a fair and equitable distribution to legitimate creditors in the order of priority set forth in the Bankruptcy Code.

45. As noted, it appears that significant outstanding defense cost claims arising from the defense of the Karr Action will already further erode this limited resource.

46. Thus, any direct recovery of assets by the Karr Action Plaintiffs from the directors and officers or third parties would reduce the pool of assets available to the Trustee and the estates.

47. The Karr Action may also have a preclusive effect on the Trustee's prosecution of claims held by the estates, should the Karr Action proceed, especially because the underlying facts of the Complaints are in all likelihood the same facts which would underlie any action brought by the Trustee.

48. The same risk of depletion of assets and preclusive effect exists for any future actions filed against Sanberg, other directors and officers, and third parties pursuing the same or similar theories of recovery relying on the same or related facts.

### RELIEF REQUESTED

49. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7065, the Trustee seeks entry of a temporary restraining order enjoining the Defendants from the continued prosecution of the Karr Action as well as any other litigation pursuing the same or similar theories of recovery against directors, officers, professionals of the Debtors or related third parties based on facts related to those asserted in the Karr Action, and enforcing the automatic stay pursuant to section 362(a) of the Bankruptcy Code, until after this Court has determined at a hearing whether it will grant the Trustee's request for a preliminary injunction for the same relief.

18098417-3

50.     The Trustee further requests that the Court not require her to post any bond or security in connection with this temporary restraining order or a preliminary injunction as required by Bankruptcy Rule 7065.

## BASIS FOR REQUESTED RELIEF

51.     In support of this Motion, Plaintiff relies upon (i) the *Memorandum of Law*, and (ii) the *Chapter 7 Trustee's Verified Complaint for Declaratory Relief under Section 362(a) of the Bankruptcy Code, Injunctive Relief under Sections 105(a) and 362(a) of the Bankruptcy Code, and a Preliminary Injunction under Rule 7065 of the Federal Rules of Bankruptcy Procedure*, which are being filed concurrently herewith and provide the legal and factual bases for the relief requested herein.

## NOTICE

52.     Trustee intends to provide notice to counsel to the Defendants by (a) electronic mail and (b) all other parties having formally requested notice in these bankruptcy proceedings electronically via the Court's CM/ECF system.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests entry of an order substantially in the form attached to the Barney Decl. as **Exhibit D**: (i) granting this Motion and the relief requested herein; (ii) entering a temporary restraining order enjoining the Karr Action and any further litigation pursuing the same or similar theories of recovery pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7065, and enforcing the automatic stay pursuant to section 362(a) of the Bankruptcy Code; and (iii) granting such further relief as the Court deems just and proper.

18098417-3

Dated: April 10, 2026

**CONNELL FOLEY LLP**

*/s/ Katharina Earle*
Katharina Earle (6348)
1000 North West Street
Wilmington, DE 19801
Telephone:     (302) 679-4297
Email:          kearle@connellfoley.com

and

Robert K. Malone (admitted *pro hac vice*)
Brett S. Theisen (admitted *pro hac vice*)
Dale E. Barney (*pro hac vice* forthcoming)
Mark Marsella (*pro hac vice* forthcoming)
56 Livingston Avenue
Roseland, NJ 07068
Telephone:     (973) 535-0500
E-mail:          rmalone@connellfoley.com
                 btheisen@connellfoley.com
                 dbarney@connellfoley.com
                 mmarsella@connellfoley.com

*Litigation Counsel for Jami B. Nimeroff as
Chapter 7 Trustee for CTN Holdings, Inc., et al.*

15

18098417-3