## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CTN HOLDINGS, Inc., *et al.*,<br><br>        Debtors.[1]<br><br>_____<br><br>JAMI B. NIMEROFF, as chapter 7 trustee<br>for CTN Holdings, Inc., *et al.*,<br><br>              Plaintiff,<br><br>   v.<br><br>DONALD R. KARR; MILLER FAMILY<br>LEGACY LLC; LOUIS R. MILLER; ALS<br>REVOCABLE TRUST; EMERGING IMPACT<br>FUND II, LP; PRAESUMO HOLDINGS, LLC;<br>RAVI SARIN; PAUL SOROS 2010 FAMILY<br>TRUST A; CHICAGO ATLANTIC FINANCE<br>LLC; CHICAGO ATLANTIC CREDIT<br>COMPANY, LLC; and CHICAGO ATLANTIC<br>OPPORTUNITY FINANCE LLC,<br><br>             Defendants. | Chapter 7<br><br>Case No. 25-10603 (TMH)<br><br><br><br><br><br><br><br>Adv. Pro. No.: |

## ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION UNDER SECTIONS 105(A) AND 362(A) OF THE BANKRUPTCY CODE AND RULE 7065 OF <u>THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

_____

[1] The Debtors in these chapter 7 cases, along with the last four digits of the Debtors' federal tax identification number, are: CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214). Catona Climate Solutions, LLC (3375), and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94104-5401.

1

Upon consideration of Plaintiff Jami B. Nimeroff's (the "Plaintiff" or the "Trustee") *Motion for Entry of Temporary Restraining Order and Preliminary Injunction Under Sections 105(a) and 362(a) of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure* (the "Motion"); and the Court having considered and reviewed the Trustee's *Verified Adversary Complaint for Declaratory and Injunctive Relief Under Sections 105(a) and 362(a) of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure* (the "Verified Complaint") and the *Memorandum of Law in Support of Chapter 7 Trustee's Motion* (the "Memorandum of Law"); and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause for appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES** that:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334;

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

C.      Venue for this matter is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409;

D.      Notice of the Motion was sufficient under the circumstances; and

E.      The factual and legal bases set forth in the Motion, and accompanying Memorandum of Law, and at the hearing establish just cause for the relief granted herein.

**NOW, THEREFORE**, based on the foregoing and for other good and sufficient cause, **IT IS HEREBY ORDERED** that:

1.      The Motion is **GRANTED** as set forth herein.

2.      Pending a hearing and determination of the Trustee's request for a preliminary injunction and extension of the automatic stay, effective immediately, Defendants Donald R. Karr; Miller Family Legacy LLC; Louis R. Miller; ALS Revocable Trust; Emerging Impact Fund II, LP;

18098414-1

Praesumo Holdings, LLC; Ravi Sarin; Paul Soros 2010 Family Trust A; Chicago Atlantic Finance LLC; Chicago Atlantic Credit Company, LLC; and Chicago Atlantic Opportunity Finance LLC (collectively, the "Defendants") are hereby temporarily enjoined under section 105(a) of the Bankruptcy Code and Federal Rule of Civil Procedure 65(b) from continuing prosecution of the action commenced on July 9, 2025 in the Superior Court of the State of California, County of Los Angeles, Central District, LLC, captioned *Karr, et al., v. Sanberg, et al.*, Case No. 25STCV20376 (the "Karr Action"), or filing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), by way of direct claim, counterclaim, cross claim, appeal or any other action pursuing the same or similar theories of recovery, until the earlier of **April ___, 2026** or the hearing date and time of the hearing set forth below (the "Expiration Date").

3.      The Hearing on the Motion with respect to the preliminary injunction and extension of the automatic stay shall be held on **April ___, 2026 at _____ (prevailing Eastern Time)**. Any objection or response to the Motion with respect to the preliminary injunction and extension of the automatic stay shall be filed and served upon the Trustee so as to be received by no later than **April ___, 2026, at 4:00 p.m. (prevailing Eastern Time)**.

4.      Within one (1) business day of the entry of this Order, Miller Barondess, counsel for the Defendants shall file a copy of the within Order on the docket of the Karr Action and thereafter cause a copy to be served on all parties in the California Action.

5.      This Order shall remain in effect through the Expiration Date or such earlier or later date as may be established by the Court at the request of any party or as the parties may agree.

6.      Pursuant to Bankruptcy Rule 7065, the Trustee is relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

18098414-1

7.      The terms and conditions of this Order shall be effective immediately.

8.      This Court retains jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

Dated: April ___, 2026

_____

HON. THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE

18098414-1