**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CTN Holdings, Inc., *et al.*,[1] | Case No. 25-10603 (TMH) |
| Debtors. | (Jointly Administered) |
| JAMI B. NIMEROFF, as chapter 7 trustee for CTN Holdings, Inc., *et al.*, | |
| Plaintiff, | Adv. Pro. No. 26-50233 (TMH) |
| v. | |
| DONALD R. KARR; MILLER FAMILY LEGACY LLC; LOUIS R. MILLER; ALS REVOCABLE TRUST; EMERGING IMPACT FUND II, LP; PRAESUMO HOLDINGS, LLC; RAVI SARIN; PAUL SOROS 2010 FAMILY TRUST A; CHICAGO ATLANTIC FINANCE LLC; CHICAGO ATLANTIC CREDIT COMPANY, LLC; and CHICAGO ATLANTIC OPPORTUNITY FINANCE LLC, | |
| Defendants. | |

**RESPONSE TO CHAPTER 7 TRUSTEE'S
MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION PURSUANT TO SECTIONS 105(A) AND 362(A)
OF THE BANKRUPTCY CODE AND RULE 7065 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE AND RESERVATION OF RIGHTS**

Mr. Donald R. Karr ("Karr"), Miller Family Legacy LLC ("Miller LLC"), Mr. Louis R.

Miller ("Miller"), ALS Revocable Trust ("ALS Trust"), Emerging Impact Fund II, LP ("Impact

Fund II"), Praesumo Holdings, LLC ("Praesumo"), Mr. Ravi Sarin ("Sarin"), Paul Soros 2010

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94101-5401.

Family Trust A ("PS Trust"), Chicago Atlantic Finance LLC, Chicago Atlantic Credit Company, LLC and Chicago Atlantic Opportunity Finance LLC (collectively, "Chicago Atlantic" and together with Karr, Miller LLC, Miller, ALS Trust, Impact Fund II, Praesumo, Sarin, and PS Trust, the "Defendants" or "Karr Action Plaintiffs") submit this response and reservation of rights (this "Response") in response to the *Chapter 7 Trustee's* (the "Trustee") *Motion for Entry of Temporary Restraining Order and Preliminary Injunction Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure* [D.I. 3][2] (the "Motion").[3]  For the reasons set forth below, the Trustee's request for entry of an emergency temporary restraining order is moot.

## RESPONSE

1.      On February 6, 2026, counsel to the Trustee sent the Karr Action Plaintiffs a *Notice to Cease and Desist Prosecution of Estate Causes of Action in Karr, et al. v. Sanberg, et al., Case No. 25STCV20376 (Cal. Supp. Ct.).  See Decl. of Dale. E. Barney in Support of Motion*, at Ex. E [D.I. 4] (the "February 6 Letter").

2.      On February 20, 2026 (the "February 20 Letter"), undersigned counsel responded to the February 6 Letter on behalf of the Karr Action Plaintiffs, disputing the assertions in the February 6 Letter and explaining that the Karr Action Plaintiffs are properly pursuing their direct, independent claims against non-debtor third parties based on harm caused directly to each of them separate and apart from whatever harm such non-debtor third parties may have caused the Debtors or others.  Additionally, the Karr Action Plaintiffs invited the Trustee to respond to discuss a consensual resolution of the parties' dispute.  A true and correct copy of the February 20 Letter is attached hereto as **Exhibit A**.

---

[2]  Unless otherwise stated, all docket references are to the Adversary Proceeding number 26-50233.

[3]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

3.  Thereafter, on March 2, 2026, counsel to the Karr Action Plaintiffs and Trustee (together as the "Parties") engaged in a meet and confer to discuss their dispute. Following that discussion, the Karr Action Plaintiffs voluntarily adjourned the pending hearing in the Karr Action to April 22, 2026 (the "April 22 Hearing") to provide time for the Parties to continue their discussions to attempt a consensual resolution. At the invitation of the Trustee, on March 18, 2026, the Karr Action Plaintiffs submitted a settlement proposal (the "Settlement Proposal"). Counsel to the Karr Action Plaintiffs followed-up with counsel to the Trustee with respect to the Settlement Proposal but received no substantive response.

4.  After voluntarily continuing the April 22 Hearing, engaging in good faith settlement efforts and patiently waiting several weeks for a response to the Settlement Proposal, the Karr Action Plaintiffs were disappointed the Trustee's response came in the form of the Complaint and Motion filed and served late Friday evening seeking, among other things, a temporary restraining order on an emergency basis.

5.  The purported basis for the Trustee's need to seek emergent relief in the Motion is the upcoming April 22 Hearing in the Karr Action. Motion at ¶ 40. The only matters going forward at the April 22 Hearing—demurrers, motions to strike punitive damages, and a special motion to strike—were brought by the defendants in the Karr Action. According to the Trustee, each of the defendants in the Karr Action has consented to adjournment of the April 22 Hearing.[4] As such, the defendants in the Karr Action could have sought an adjournment of their own motions obviating the need for the Trustee to seek an emergency temporary restraining order.

6.  It appears that the Trustee's request to adjourn the prior hearing in the Karr Action and invitation to submit the Settlement Proposal was so her counsel could prepare to initiate this

---

[4]   *See, Memorandum of Law in Support of Chapter 7 Trustee's Motion for Entry of Temporary Restraining Order and Preliminary Injunction Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure,* at n. 3 [D.I. 3-1].

action rather than engage in meaningful settlement discussions. Indeed, the Trustee had over three weeks to evaluate the Settlement Proposal, prepare her pleadings in this action, and consult with all of the defendants in the Karr Action to determine whether they would consent to the relief sought in the Motion but either could not find the time or was otherwise unwilling to reach out to the Karr Action Plaintiffs to see if they would consent to a further adjournment of the April 22 Hearing or agree to an expedited hearing before this Court on the Motion. If the Trustee had done so, she would have learned that the Karr Action Plaintiffs will consent to a temporary adjournment of the April 22 Hearing pending a resolution of the request for a preliminary injunction, mooting the Trustee's request for an emergency temporary restraining order.

7.      The Karr Action Plaintiffs reserve all rights, claims and defenses and will address the merits of the Motion in accordance with a briefing schedule to be ordered by the Court.

8.      To that end, the Karr Action Plaintiffs propose the attached temporary restraining order and expedited briefing and trial schedule on the Trustee's request for a preliminary injunction (the "Proposed Order", attached hereto as **Exhibit B**), subject to the availability of this Court.

## **RESERVATION OF RIGHTS**

9.      The Karr Action Plaintiffs reserve all claims, rights, defenses, counterclaims or arguments of any kind or nature whatsoever, under applicable law, equity, and the Bankruptcy Code, including but not limited to the right to contest the jurisdiction of this Court. For the avoidance of doubt, the Karr Action Plaintiffs do not consent to the jurisdiction of this Court with respect to the Motion or the Complaint.

10.      The Karr Action Plaintiffs request that the Court enter the Proposed Order and grant such other and further relief as the Court deems just and proper.

[**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**]

4

Dated:  April 14, 2026
　　　　Wilmington, Delaware

**LANDIS RATH & COBB LLP**

*/s/ Kimberly A. Brown*
Kimberly A. Brown (No. 5138)
Colin R. Robinson (No. 5524)
Elizabeth A. Rogers (No. 7335)
George A. Williams II (No. 6964)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: brown@lrclaw.com
　　　　robinson@lrclaw.com
　　　　erogers@lrclaw.com
　　　　williams@lrclaw.com

- and -

**MILLER BARONDESS LLP**
Louis R. Miller (*pro hac vice* forthcoming)
Colin H. Rolfs (*pro hac vice* forthcoming)
2121 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
Email: smiller@millerbarondess.com
　　　　crolfs@millerbarondess.com

*Counsel to the Karr Action Plaintiffs*