# EXHIBIT B
**(Proposed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| CTN Holdings, Inc., *et al.*,[1] | Case No. 25-10603 (TMH) |
| Debtors. | (Jointly Administered) |
| JAMI B. NIMEROFF, as chapter 7 trustee for CTN Holdings, Inc., *et al.*, | |
| Plaintiff, | Adv. Pro. No. 26-50233 (TMH) |
| v. | |
| DONALD R. KARR; MILLER FAMILY LEGACY LLC; LOUIS R. MILLER; ALS REVOCABLE TRUST; EMERGING IMPACT FUND II, LP; PRAESUMO HOLDINGS, LLC; RAVI SARIN; PAUL SOROS 2010 FAMILY TRUST A; CHICAGO ATLANTIC FINANCE LLC; CHICAGO ATLANTIC CREDIT COMPANY, LLC; and CHICAGO ATLANTIC OPPORTUNITY FINANCE LLC, | |
| Defendants. | **Ref. Nos. 3 & ___** |

**TEMPORARY RESTRAINING ORDER AND BRIEFING SCHEDULE FOR
TRUSTEE'S MOTION FOR A PRELIMINARY INJUNCTION**

Upon consideration of the *Chapter 7 Trustee's Motion for Entry of Temporary Restraining*

*Order and Preliminary Injunction Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are CTN Holdings, Inc. (9122), CTN SPV Holdings, LLC (8689), Make Earth Green Again, LLC (4441), Aspiration QFZ, LLC (1532), Aspiration Fund Adviser, LLC (4214), Catona Climate Solutions, LLC (3375) and Zero Carbon Holdings, LLC (1679). The mailing address for the Debtors is 548 Market Street, PMB 72015, San Francisco, CA 94101-5401.

*and Rule 7065 of the Federal Rules of Bankruptcy Procedure* [Adv. Pro. D.I. 3] (the "Motion") filed by Jami B. Nimeroff, the Chapter 7 trustee appointed in the above-captioned cases (the "Trustee") and the *Response to Chapter 7 Trustee's Motion for Entry of Temporary Restraining Order and Preliminary Injunction Pursuant to Sections 105(a) and 362(a) of the Bankruptcy Code and Rule 7065 of the Federal Rules of Bankruptcy Procedure and Reservation of Rights* (the "Response") filed by Donald R. Karr; Miller Family Legacy LLC; Louis R. Miller; ALS Revocable Trust; Emerging Impact Fund II, LP; Praesumo Holdings, LLC; Ravi Sarin; Paul Soros 2010 Family Trust A; Chicago Atlantic Finance LLC; Chicago Atlantic Credit Company, LLC; and Chicago Atlantic Opportunity Finance LLC (collectively, the "Karr Action Plaintiffs") in the above-captioned adversary proceeding; and upon all of the proceedings had before this Court; and after due deliberation; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. Pending a hearing and determination on the Trustee's request for a preliminary injunction, effective immediately, the Karr Action Plaintiffs are hereby temporarily restrained from continuing prosecution of the action commenced on July 9, 2025 in the Superior Court of the State of California, County of Los Angeles, Central District, captioned *Karr, et al., v. Sanberg, et al.*, Case No. 25STCV20376 (the "Karr Action"), or filing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), by way of direct claim, counterclaim, cross claim, appeal or any other action pursuing the same or similar theories of recovery, until the earlier of May 11, 2026 or the hearing date and time of the hearing set forth below (the "Expiration Date").

2. The Trustee's request for a preliminary injunction as set forth in the Motion (the "Preliminary Injunction Request") and any opposition thereto (the "Opposition") shall be heard on

2

May \_\_\_, 2026 at \_\_\_\_\_ (ET).  Within one (1) business day of the entry of this Order, the Trustee shall file and serve a notice of such hearing.

3.    Any Opposition to the Preliminary Injunction Request shall be filed and served on or before April 24, 2026.

4.    The Trustee's reply in support of the Preliminary Injunction Request shall be filed and served on or before seven (7) days following service of the Opposition.

5.    Within one (1) business day of the entry of this Order, Miller Barondess LLP, counsel to the Karr Action Plaintiffs shall file a copy of this Order on the docket of the Karr Action and thereafter cause a copy to be served on all parties in the Karr Action.

6.    This Order shall remain in effect through the Expiration Date or such earlier or later date as may be established by the Court or as the Parties may agree.

7.    This Order is without prejudice to any and all claims and defenses that may be asserted by the Parties in this adversary proceeding, and does not constitute, embody, or reflect any concession, admission of liability, or other wrongdoing by any Party.  This Order further does not alleviate or satisfy the applicable burden of proof incumbent upon any Party as to the Motion, any claims or defenses.

8.    Nothing in this Order shall be deemed a waiver of the Karr Action Plaintiffs' rights under Local Rule 9013-1(h) or other jurisdictional objections.

9.    The terms and conditions of this Order shall be effective immediately.

10.    This Court shall retain jurisdiction with respect to all matters arising from the implementation or interpretation of this Order.

3